UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA SHUE,

    Plaintiff,

v.                                                Case No.:  2:25-cv-486-SPC-NPM

SAM'S EAST, INC. and BRIAN DOE,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Sam's East, Inc.'s Notice of Removal. (Doc. 1). For the reasons outlined below, Sam's East must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Sam's East removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, the amount in controversy is questionable.

To establish the amount in controversy, Sam's East relies largely on Plaintiff's response to its request for admissions in state court in which she admits that she is "seeking total alleged damages against the Defendant which exceeds $75,000, exclusive of interest, costs and attorneys' fees." (Docs. 1, 1-2). But this admission, without more, is insufficient to establish the amount in controversy. *See, e.g.*, *Kohrig v. Pavilion at HealthPark LLC*, No. 2:25-CV-95-SPC-NPM, 2025 WL 1012333, at *1 (M.D. Fla. Apr. 4, 2025) (explaining a response to a request for admission alone "is insufficient to establish the amount in controversy"); *Rhodes v. Safeco Ins. Co. of Illinois*, No. 2:17-CV-379-FTM-38CM, 2017 WL 9887861, at *2 (M.D. Fla. July 31, 2017) (same); *Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-CV-392-OC-PRL, 2017 WL 6276587, at *3 (M.D. Fla. Dec. 11, 2017) (explaining that courts within the Middle District of Florida have held that "responses to requests for admissions can be conclusory and lack factual support").

Apart from the discovery admission, Sam's East also points to the traditional laundry list of damages alleged in the complaint, such as bodily

2

injury, pain and suffering, disability, mental anguish, loss of enjoyment of life, loss of earning, and so on. (Docs. 1, 1-1). But such vague allegations "provide[] no detail on the types of injuries, the costs of medical treatment, or loss of earnings." *Townson v. Brinker Fla., Inc.*, No. 3:23-CV-590-TJC-MCR, 2023 WL 3645608, at *1 (M.D. Fla. May 25, 2023). Similarly, Sam's East highlights Plaintiff's interrogatory answers in which she states she has "suffered injury to her right arm, right shoulder, neck and lower back" as a result of the incident. (Doc. 1-6). But again, these vague assertions of bodily injury fail to detail the extent of Plaintiff's injuries or medical treatment. So Sam's East's reliance on these general, conclusory assertions is unhelpful.

Ultimately, Sam's East fails to cite any actual evidence demonstrating the amount in controversy exceeds $75,000. *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (explaining "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000"). So the Court is not satisfied that Sam's East has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is now

**ORDERED:**

On or before **June 23, 2025**, Sam's East must **SUPPLEMENT** its Notice of Removal consistent with this Order.  **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 9, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record