UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA SHUE,

    Plaintiff,

v.                                                                Case No.:  2:25-cv-486-SPC-NPM

SAM'S EAST, INC. and BRIAN DOE,

    Defendants.
_____/

## OPINION AND ORDER

Defendant Sam's East, Inc. removed this premises-liability action by invoking the Court's diversity jurisdiction. (Doc. 1). To establish the amount in controversy, it relied on (1) Plaintiff's response to its request for admissions in state court in which she admits that she is seeking more than $75,000 in damages; (2) the traditional laundry list of damages alleged in the complaint, such as bodily injury, pain and suffering, disability, mental anguish, loss of enjoyment of life, loss of earning, and so on; and (3) Plaintiff's interrogatory answers in which she states she has suffered injury to her right arm, right shoulder, neck and lower back as a result of the incident. (Doc. 1). Finding this insufficient to establish the amount in controversy, the Court ordered Sam's East to supplement its notice of removal. (Doc. 10).

Sam's East's supplement (Doc. 16) fares no better. In it, Sam's East offers that: Plaintiff received treatment for injuries to her neck, back, right arm, and right shoulder; Plaintiff seeks future medical expenses and non-economic damages; Plaintiff was diagnosed with various minor injuries; and Plaintiff underwent x-rays and MRIs, the results of which led to a referral to Spine & Ortho. This information is unhelpful because, if anything, it confirms the relatively moderate nature of Plaintiff's injuries.

Sam's East also references a $6,939 medical bill from Naples Community Injury Center. But this is far and away from the $75,000 jurisdictional threshold. And while it also provides a $94,224 itemization of hospital services, these services were for treatment related to a blood clot, which appears unrelated to the subject incident. Indeed, Sam's East acknowledges that "it is unknown . . . if Plaintiff will attempt to relate the care and treatment for this inpatient admission to the subject incident." (Doc. 16 at 3 n.3). And nowhere in Plaintiff's discovery responses that Sam's East cites does Plaintiff assert she is seeking damages for this condition. Such uncertainty does not establish by a preponderance of the evidence that the amount in controversy is met.[1]

---

[1] The Court recognizes that Plaintiff appears to be dragging its feet in providing complete medical bills and other discovery to Sam's East, which is certainly not acceptable. However, Sam's East should have had the necessary information to establish the amount in controversy *before* removing the case. So Plaintiff's dilatoriness has not prejudiced Sam's East for removal purposes.

2

Ultimately, Sam's East is still unable to cite any factual, actual evidence demonstrating that the amount in controversy exceeds $75,000. *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (explaining "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000"); *Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-CV-392-OC-PRL, 2017 WL 6276587, at *2 (M.D. Fla. Dec. 11, 2017) (explaining that, although responses to request for admission qualify as an "other paper" for purposes of establishing the amount in controversy, it must be accompanied by factual support).  And this is not a case where the evidence of damages presented is "so close to the jurisdictional threshold that the court may properly exercise its judicial experience and common sense to determine that the amount in controversy is sufficient." *Sysel v. Empower Brands, LLC*, No. 22-CV-62385, 2023 WL 5053980, at *6 (S.D. Fla. July 19, 2023); *cf. Nuckles v. Walmart Stores E., L.P.*, No. CV 122-088, 2022 WL 3585721, at *2 (S.D. Ga. Aug. 22, 2022) (finding the defendant failed to show amount in controversy because "[t]he medical bills do not approach the amount in controversy, and the only other evidence provided is a response to a request for admissions simply stating the total amount in controversy is greater than or equal to $75,000" and the plaintiff's general request for expenses, lost wages, and fees "provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations").

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Collier County, Florida (Case No. 2025-CA-000179).

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 11, 2025.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4